JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CARTER SECURITIES, LLC,

                   Plaintiff,

   -against-

MARKETING WORLDWIDE CORPORATION,

                   Defendant.
------------------------------------------------------------------x

07 CV 10671

**NOTICE OF REMOVAL**

07 Civ.

To:  The Honorable Judges of the United States District Court for the Southern District of New York.

    Petitioner Marketing Worldwide Corporation ("MWC") respectfully states to the Court as follows:

    1.    Plaintiff Carter Securities, LLC ("Carter") filed, on November 1, 2007, a complaint in the Supreme Court of the State of New York, County of New York, against MWC which seeks damages for breach of contract. A copy of the summons and complaint is attached as Exhibit A and incorporated herein by reference.

    2.    MWC was served with and received, within the meaning of 28 U.S.C. §1446, a copy of the summons and complaint on November 2, 2007. No other pleadings have yet been filed in this case.

    3.    As set forth in the complaint, Carter is a New York limited liability company with its principal place of business located in New York, New York and MWC is a Delaware corporation with its principal place of business located in Howell, Michigan.

    4.    As set forth in the complaint, plaintiff seeks damages, exclusive of interest or costs, exceeding the sum or value of $75,000.

72613

5.  The United States District Court for the Southern District of New York has diversity jurisdiction over this civil action pursuant to 28 U.S.C. §1332 in that the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.  MWC is not a citizen of New York.

7.  This case is removable under 28 U.S.C. §1441.

WHEREFORE, MWC requests that this Court assume full jurisdiction of this action as provided by law.

Dated: New York, New York
       November 28, 2007

FERBER CHAN ESSNER & COLLER, LLP

By: _____
    Robert M. Kaplan (RK 1428)
Attorneys for Defendant Marketing Worldwide Corporation
530 Fifth Avenue
New York, New York 10036-5101
(212) 944-2200

Supreme Court of the State of New York
County of New York
--------------------------------------------------------x

Carter Securities, LLC,

                              Plaintiff,

  -against-

Marketing Worldwide Corporation,

                             Defendant.
--------------------------------------------------------x

Index No. 603620/07

Plaintiff designates
New York County as place of trial

The basis of the venue
Plaintiff's residence

**SUMMONS**

Plaintiff resides at
767 Third Avenue
New York, New York 10017

To the above-named Defendant:

     **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  November 1, 2007

**Defendant's Address:**
2212 Grand Commerce Drive
Howell, MI 48855

The nature of the action is:
   to recover brokerage fees
   due and owing

The relief sought is:  damages and
      injunctive relief

Law Offices of
**KENNETH A. ZITTER, ESQ.**

By:_____
   Kenneth A. Zitter, Esq.
   Attorneys for Plaintiff
     Carter Securities, LLC
   260 Madison Avenue, 18th Fl.
   New York, New York 10016
   (212) 532-8000

Upon you failure to appear, judgment will be taken against you by default for the sum of $140,000 with interest from September 27, 2007 plus applicable injunctive relief and the costs of this action.

Supreme Court of the State of New York
County of New York
-----------------------------------------------------------x

Carter Securities, LLC,

                      Plaintiff,

        v.

Marketing Worldwide Corporation,

                      Defendant.

-----------------------------------------------------------x

NEW YORK
COUNTY CLERK'S OFFICE

NOV - 1 2007

NOT COMPARED
WITH COPY FILE

Complaint

Index # 603620/07

      Plaintiff Carter Securities, LLC, by its attorneys, for its Complaint herein, respectfully alleges:

the parties

      1. Plaintiff Carter Securities, LLC ("Carter") is a New York limited liability corporation with its principal place of business located at 767 Third Avenue, New York, New York. At all relevant times, Carter was a registered broker-dealer and a member of the Financial Industry Regulatory Authority (formerly the National Association of Securities Dealers).

      2. Upon information and belief, Defendant Marketing Worldwide Corporation (MWWC") is a Delaware corporation with its principal place of business located at 2212 Grand Commerce Drive, Howell, Michigan.

the facts

3. On or about December 21, 2006, Carter and MWWC entered into a written agreement (the "Agreement") whereby Carter was retained by MWWC as its exclusive placement agent to raise money for MWWC by finding investors to purchase its securities. Pursuant to that Agreement, Carter undertook to expend its reasonable efforts to sell MWWC securities.

4. In consideration for Carter acting as such exclusive placement agent, as provided in the Agreement, MWWC agreed to pay Carter, among other amounts, on the closing date of any placement and on the date of any subsequent closing of such placement, a cash placement fee of 7% of the gross proceeds of the sale of the securities subscribed for by the investors; and to issue to Carter warrants to purchase a dollar value of shares of common stock of MWWC equal to 7% of the total gross proceeds from the investors in the placement.

5. The Agreement also provided that in the event any potential or actual investor solicited by Carter and first introduced to MWWC by Carter makes an investment in MWWC within twelve months after either: i) the expiration of the term of the agreement, defined as February 15, 2007; or ii) consummation of the placement, then Carter is entitled to additional fees and warrants to be calculated as set forth in ¶4, *supra*.

2

6. Pursuant to the Agreement, Carter in fact introduced MWWC to various sources of financing. Indeed, MWWC acknowledged that Carter put it in front of top quality people and the right organizations to raise funds for MWWC.

7. As a result of Carter's introductions and efforts, on or about January 30, 2007, MWWC in fact signed a term sheet with Vision Opportunity Master Fund, Ltd. ("VOMF") whereby MWWC agreed to issue $3.5 million of its Series A Convertible Preferred Stock (the "Convertible Preferred Stock") to VOMF, which was convertible into shares of MWWC common stock, on the terms and conditions set forth in the term sheet. In connection therewith, MWWC and Carter agreed that VOMF would also receive Class A, B, and C Warrants, exercisable for five years after closing on the purchase of the Convertible Preferred Stock. Those warrants would enable VOMF to obtain, in total, an additional 150% of the common shares which MWWC could obtain upon conversion of the Convertible Preferred Stock. The issuance of warrants in connection with a purchase of Convertible Preferred Stock is a common term of such transactions and is intended as an additional inducement for the investor to make the agreed upon investment.

8. The term sheet also provided VOMF with an Additional Investment Option which granted VOMF "the exclusive right, but not the obligation, to make an additional investment up to a maximum of 100% of its initial investment for a period of fourteen (14) months after the Closing on the same terms." If VOMF in fact made such additional investment, MWWC would be obligated to pay Carter additional fees, as set forth in the Agreement.

3

9. On or about March 11, 2006, VOMF and MWWC entered into an amended term sheet. The amount of Convertible Preferred Stock to be issued, the obligation to issue Class A, B and C Warrants and the provision granting VOMF the Additional Investment Option, however, remained unchanged from the original term sheet.

10. VOMF and MWWC agreed that VOMF's Additional Investment Option should take the form of a Series J Warrant, which would be issued by MWWC at the initial closing and would have a term of 14 months. The Series J Warrant would allow VOMF to make an additional investment in MWWC, up to the amount of the initial investment, by exercising the warrant and paying the warrant price to MWWC during the term of the warrant. The parties structured the Additional Investment Option as a Series J Warrant, rather than as a simple contractual undertaking because, among other reasons, such structure allowed MWWC to pre-register the shares to be issued pursuant to the warrant, thereby enabling VOMF to receive freely trading registered shares immediately, if it decided to make an additional investment in MWWC by exercising the Series J Warrant.

11. On or about April 23, 2007, VOMF in fact purchased $3.5 million of MWWC's Convertible Preferred and received the Series A, B and C Warrants. At the Closing, VOMF also received a Series J Warrant to purchase 5 million shares of MWWC common stock, with an exercise price of $.70 per share, which would allow VOMF to make an additional investment in MWWC, within the following fourteen months, of up to $3.5 million upon exercise of the Series J Warrant.

12. As an incentive to induce VOMF to make the additional investment in MWWC and to exercise the Series J Warrant, MWWC issued to VOMF at closing Series D, E and F Warrants. By their terms, VOMF could exercise those warrants only if it made an additional investment in MWWC by exercising the J Warrant. The D, E and F Warrants allowed VOMF to acquire up to an additional 150% of the number of shares it acquired upon exercise of the J Warrant.

13. In connection with the closing on or about April 23, 2007, and in accordance with the terms of the Agreement, MWWC paid Carter $242,500, representing 7% of the gross proceeds of the sale of the Convertible Preferred Stock subscribed for by VOMF, less some expenses, and issued to Carter warrants to purchase 490,000 shares of MWWC common stock at a price of $.65 per share (the "Series G Warrant").

14. On or about September 27, 2007, VOMF and MWWC entered into an agreement amending the Series F Warrant to reduce the exercise price from $1.20 to $.01 and amended the Series J Warrant to reduce its exercise price from $.70 to $.50.

15. On or about September 27, 2007, after amending the Series F and J Warrants as set forth in ¶14, *supra*, VOMF exercised the Series J Warrant, in part, to purchase four million shares of common stock, thereby making an additional investment of $2 million in MWWC. That partial exercise of the Series J Warrant left one million shares still available for VOMF to acquire pursuant to that warrant.

16. VOMF's additional $2 million investment in MWWC triggered MWWC's obligation to pay Carter an additional commission. Pursuant to the terms of the Agreement, MWWC is obligated to pay Carter an additional $140,000 representing 7% of the additional $2 million investment by VOMF and additional warrants to purchase 280,000 shares of MWWC common stock at $.65 per share, representing 7% of the shares purchased by VOMF with its additional investment.

First Cause of Action
(breach of contract; failure to pay brokerage fees
relief sought - damages and order
directing delivery of additional warrants)

17. Carter realleges paragraphs 1 through 16.

18. As a result of VOMF's additional investment of $2 million in MWWC on or about September 27, 2007, MWWC became obligated to pay Carter, under the terms of the Agreement, $140,000 in cash and to issue to Carter warrants to purchase four million shares of MWWC common stock at $.65 per share.

19. Carter has duly demanded payment of the $140,000 and delivery of said warrants, but MWWC has refused to pay said amount or deliver said warrants. Such failure on the part of MWWC constitutes a breach of its obligations under the Agreement.

20. Carter is, therefore, entitled to judgment against MWWC in the amount of $140,000 plus interest and an order directing MWWC to deliver the warrants, as aforesaid.

Second Cause of Action
(anticipatory breach of contract
relief sought - declaratory relief)

21  Carter realleges paragraphs 1 through 16.

22. VOMF has the right to acquire an additional one million shares of MWWC common stock, pursuant to the terms of the Series J Warrant.

23. MWWC's failure to pay the additional brokerage fees to Carter upon the additional investment made by VOMF when it exercised its Series J Warrant in part on or about September 27, 2007 constitutes an anticipatory breach of MWWC's obligation to pay Carter additional brokerage fees in the event VOMF exercises the remaining portion of the Series J Warrant.

24. Carter is, therefore, entitled to an order directing MWWC to pay Carter such additional brokerage fees as may be due upon exercise by VOMF of all or any part of the remaining Series J Warrant.

<u>Third Cause of Action</u>
(breach of obligation to adjust Series G Warrant exercise price
relief sought - order directing adjustment of exercise price

25. Carter realleges paragraphs 1 through 16.

26. Carter received the Series G Warrant as part of the payment of its brokerage fees.

27. Under the terms of the Series G Warrant, in the event the exercise price of any warrants issued in connection with VOMF's purchase of the Convertible Preferred Stock is lowered, then the exercise price of the Series G Warrant was required to be accordingly adjusted downward.

28. On or about September 27, 2007, the exercise price of the Series F Warrant, which was issued in connection with VOMF's purchase of the Convertible Preferred Stock, was adjusted downward to $.01 per share.

29. As a result of such adjustment of the Series F Warrant exercise price to $.01 per share, the exercise price of the Series G Warrant was required to be adjusted downward to $.33 per share.

30. Carter has duly requested MWWC to adjust the exercise price of the Series G Warrant downward to $.33 per share. Carter has failed and refused to make such adjustment.

31. Carter, therefore, is entitled to an order directing MWWC to adjust downward the exercise price of the Series G Warrant to $.33 per share.

Wherefore, Plaintiff Carter Securities, LLC demands judgment against Defendant Marketing Worldwide Corporation as follows:

i) one the First Cause of Action for damages in the amount of $140,000 plus interest and an order directing Defendant Marketing Worldwide Corporation to deliver warrants to purchase 280,000 shares of its common stock, at an exercise price of $.50 per share and otherwise in accordance with the agreements between the parties; and

ii) on the Second Cause of Action for an order directing Defendant Marketing Worldwide Corporation to pay Carter such additional brokerage fees as may be due under the agreements between the parties upon exercise by VOMF of all or any part of the remaining J Warrant; and

iii) on the Third Cause of Action for an order directing MWWC to adjust downward the exercise price of the Series G Warrant to $.33 per share.

iv) on all causes of action for interest, costs and attorneys' fees; and

v) for such other further and different relief as the Court may deem just and proper.

9

                            Law Offices of Kenneth A. Zitter

                            By_____
                                 Kenneth A. Zitter
                            Attorneys for Plaintiff
                            Carter Securities, LLC
                            260 Madison Avenue, 18th Floor
                            New York, NY 10016
                            212-532-8000