> ENDORSED ORDER
>
> This letter is deemed a motion to compel. Plaintiff is to respond by no later than May 5, 2008 and is to do so by affidavit or declaration.
>
> /s/ MHD 4/30/08

**LAW OFFICES**
# KENNETH A. ZITTER
260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 532-8000

April 30, 2008

Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>Carter Securities, LLC v. Marketing Worldwide Corporation</u>
07 CV 10671 (BSJ)

Dear Magistrate Judge Dolinger:

    We represent the Plaintiff Carter Securities LLC ("Carter") in the captioned matter. We write to request that Your Honor issue an order compelling Defendant Marketing Worldwide Corporation ("MWWC") to produce documents pursuant to the document request served by Carter and award appropriate sanctions for MWWC's blatant disregard of its obligation to produce documents.

    This case was originally instituted in state court on November 1, 2007 and removed by MWWC to this court. Carter served a document demand along with the summons and complaint, as permitted in state court practice. On February 14, 2008, Your Honor held a conference, at which MWWC's counsel failed to appear, and set a discovery deadline for the end of June. Immediately after the conference, I asked MWWC's counsel when MWWC would respond to the previously served document demand. He responded that because the document demand was served in the state court action, his view was that no proper document demand was outstanding and there was no need for him to respond. We, therefore, served again the identical document demand on February 25, 2008, this time with the federal court caption, rather than the state court caption.

    We received MWWC's response to the document demand on March 31, 2008 (copy enclosed) in which, with some exceptions, MWWC agreed to produce the requested documents. I requested from MWWC's counsel by e-mail (copy enclosed) the date by which MWWC would produce the documents. I received no response. I then informed MWWC's counsel that unless the documents were produced by the end of April, we would seek court relief for the failure to produce. We have received no documents from MWWC nor any communication from its counsel regarding production.

We served deposition notices for MWWC and served subpoenas for non-party depositions for depositions throughout the month of May based upon the assumption that we would have MWWC's documents by the end of April. MWWC's failure to produce the documents, therefore, is threatening our ability to proceed with depositions and our ability to comply with the discovery deadline. We respectfully request, therefore, that the Court compel MWWC to produce the documents and award appropriate sanctions for its blatant disregard of its obligation to produce documents.

Respectfully,

Kenneth A. Zitter

KAZ/nr
enc.

by fax

cc: Robert M. Kaplan, Esq. (by fax)

2