FERBER CHAN ESSNER & COLLER, LLP
530 FIFTH AVENUE
NEW YORK, NEW YORK 10036-5101

TEL: (212) 944-2200
FAX: (212) 944-7630

RECEIVED
MAY 1 2 2008

5/13/08

May 12, 2008

*ENDORSED ORDER*

Defendant's new application for a stay of discovery is denied. The depositions of Messrs. Poortner and Winzkowski will be delayed while defendant awaits production of documents by plaintiff, which is to take place by May 16, 2008. Counsel are to schedule these depositions to take place by the end of this month. If they have not agreed on dates by May 15, 2008, counsel are to so advise the court and we will set dates. The depositions are to take place at defendant's place of business unless otherwise agreed. If defendant, upon receipt of plaintiff's documents, cannot resolve its disagreements about the scope of production, it is to notify the court and we will schedule a conference.

/s/ USMJ
5/12/08

BY FAX (212-805-7928)

Magistrate Judge Michael H. Dolinger
United States Magistrate Judge
United States District Court,
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Carter Securities, LLC v. Marketing Worldwide Corp., 07 Civ. 10671

Dear Magistrate Judge Dolinger:

This firm represents the defendant in this matter. I am writing in response to the letter dated May 9 from plaintiff's counsel concerning the scheduling of depositions in this matter. As set forth below, defendant believes that depositions should not go forward until there is a decision on defendant's dispositive motion to dismiss the complaint, which has been *sub judice* since early February. Moreover, depositions should not go forward until plaintiff fully and completely responds to defendant's document request. In addition, any deposition of defendant's corporate representative should be held where that representative resides or at defendant's principal place of business. Finally, plaintiff should be limited to a single Rule 30(b)(6) deposition of defendant unless it can make an adequate showing that such an examination is insufficient.

First, depositions should not go forward until there is a decision on defendant's dispositive motion to dismiss the complaint, which has been *sub judice* since early February. This case involves two very narrow issues of contract interpretation. Plaintiff acted as the placement agent for a private placement of units (stock and warrants) in defendant which were purchased by an investment fund, nonparty Vision Capital. Under the parties' agreement,

74075

FERBER CHAN ESSNER & COLLER, LLP

Magistrate Judge Michael H. Dolinger
May 12, 2008
Page 2

plaintiff was entitled to specified compensation (fees and warrants) if there was a successful private placement and it is undisputed that plaintiff received that compensation. The agreement also provided that plaintiff was entitled to additional fees and warrants if, after the private placement, there was a subsequent investment by a "potential" investor who had been introduced to defendant by plaintiff. After the private placement, Vision exercised one of the warrants it had acquired and plaintiff claims that this exercise triggers its right to additional compensation.

In addition, the warrant which was part of plaintiff's compensation provided that if defendant issued or sold any additional stock or warrants at a price below the exercise price set forth in plaintiff's warrant, plaintiff was entitled to a reduction in its exercise price. Defendant did not issue or sell any such stock or warrants; however, because defendant agreed to reduce the exercise price in one of the warrants Vision acquired in the private placement (a warrant which Vision has not exercised), plaintiff claims that its exercise price should be reduced.

Defendant has sought dismissal of plaintiff's claims on the grounds that under the parties' agreement, Vision's exercise of one of the warrants it acquired in the private placement does not entitle plaintiff to any additional compensation and that plaintiff is not entitled to a reduction in the exercise price of its warrant because defendant has not issued or sold any stock or warrants at a lower price.

Unless and until Judge Jones decides whether plaintiff's claims are sufficient to raise any triable factual issues in this case, and if so what those issues are, it makes no sense for the parties to incur the considerable expenses of depositions. Plaintiff is seeking to pursue *five* depositions, including the depositions of all three of defendant's senior officers. In view of the narrowness of the issues described above, there is no legitimate justification for such duplicative examinations. Moreover, the amount at issue here is small – the only relief plaintiff seeks is $140,000 in damages, the issuance of some additional warrants and the reduction in the exercise price of the warrant it already holds. Furthermore, since defendant is based in Michigan, any depositions will necessitate considerable travel expenses. In view of all of these considerations, the parties should not be required to invest their resources in any depositions until it determined that this case will be going forward.

Second, any depositions should not go forward until plaintiff responds fully and completely to defendant's document request (a copy is enclosed). Although that request was served on March 26, plaintiff has still not produced any documents in response and has declined to commit to a date when it will produce responsive documents. Moreover, plaintiff raised unwarranted objections in its response to that document request (a copy of that response is enclosed); those unwarranted objections were addressed in my letter to plaintiff's counsel dated May 7 (a copy is enclosed). Plaintiff's counsel has not offered any response to my letter.

FERBER CHAN ESSNER & COLLER, LLP

Magistrate Judge Michael H. Dolinger
May 12, 2008
Page 3

    Third, if any depositions of defendant's corporate representatives are to proceed, they should, in accordance with settled law, be held either at the representatives' place of residence or defendant's principal place of business. Realuyo v. Diaz, 2000 WL 687585 (S.D.N.Y. 2000), Irrigation Technology Leasing Associates, Inc. v. Superior Farming Co., 1992 WL 350806 (S.D.N.Y. 1992). Here, defendant's principal place of business is in Michigan and the three noticed representatives reside either in Michigan or California.

    Fourth, in view of the narrow issues involved here, plaintiff should be limited to a single Rule 30(b)(6) deposition of defendant unless it can make an adequate showing that such an examination is insufficient.

Respectfully submitted,

Robert M. Kaplan

cc:    Kenneth A. Zitter, Esq. (by fax)